Paul J. McGeough, Esq.
FIDELITY NATIONAL LAW GROUP
350 Fifth Avenue, Suite 3000
New York, New York 10118
646-708-8091

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re:

JENNIFER A. MATTEO, a/k/a
JENNIFER A. SMALLWOOD,

                Debtor.

Chapter 7

Case No. 11-13323-1-REL

---

In Re:

MARK ROBERT MATTEO,

                Debtor.

Chapter 7

Case No. 11-12475-REL

---

MARC S. EHRLICH, as Chapter 7 Trustee,

                Plaintiff,

v.

STATE EMPLOYEES FEDERAL CREDIT
UNION, JENNIFER A. MATTEO a/k/a
JENNIFER A. SMALLWOOD and MARK R.
MATTEO, ARVON FUNDING, LLC, MORGAN
LINEN SERVICE, INC., SYSCO ALBANY, INC.
f/k/a SYSCO FOODSERVICES OF ALBANY
LLC, a division of SYSCO CORPORATION,
NEW YORK STATE DEPARTMENT OF
TAXATION & FINANCE, CCM ASSOCIATES
OF CLIFTON PARK LLC, CHASE BANK USA,
NA, COUNTY OF SARATOGA, DEPARTMENT
OF THE TREASURY – INTERNAL REVENUE
SERVICE and ADVANTAGE ASSETS II, INC.,

                Defendants.

Adv. Pro. No.: 12-90024

**Hearing Date: July 25, 2012 at 9:15 a.m. –**
**U.S. Bankruptcy Court, NDNY**
**445 Broadway**
**James T. Foley U.S. Courthouse**
**Albany, New York 12207**

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

State Employees Federal Credit Union (hereinafter, "Defendant" or "SEFCU") defendant in the above-captioned adversary proceeding (this "Adversary Proceeding") respectfully submits this memorandum of law in opposition to the motion for summary judgment filed by plaintiff Marc S. Ehrlich, as chapter 7 Trustee (hereinafter "Plaintiff" or "Trustee"). In opposition to the Plaintiff's motion, Defendant relies upon (i) the Declaration of Paul J. McGeough in opposition to plaintiff's Motion for Summary Judgment, dated July 17, 2012, and (ii) the Response to Plaintiff's Statement of Undisputed Facts Pursuant to LBR 7056.1, dated July 17, 2012.

### PRELIMINARY STATEMENT

A good faith purchaser examining the title record of the Matteos on August 1, 2011, (the date that Mark Matteo's bankruptcy was filed)[1] would be on notice of the fact that there was a notice of pendency on record that specifically referred to a pending New York State court action to reform the incorrect lot number contained in the deed and mortgage on the Matteos' residence. In addition, a good faith purchaser would have also discovered that the SEFCU Mortgage contained the correct address for the Property and that the Matteo Deed referred to a predecessor deed which contained the correct lot number for the Property.

These anomalies would provide constructive notice of potential adverse claims and would create a duty of further inquiry and, under New York Law a subsequent purchaser would not be entitled to status of good faith purchaser for value. Thus, the Trustee may not avoid the SEFCU Mortgage or the Matteo Deed under the trustee's strong arm powers pursuant to 11 U.S.C. § 544(a)(3).

---

[1] The date of Mark's petition filing date is used throughout for purposes of determining the Trustee's bona fide purchaser status because it is prior to Jennifer's filing.

2

**STATEMENT OF FACTS**

By deed dated March 7, 2002, Debtor Jennifer Matteo ("Jennifer") purchased the real property located at 36 Timberwick Drive, Clifton Park, New York (the "Property") from David and Judy Kaiser (the "Kaiser Deed"). By deed dated February 3, 2009, Jennifer Matteo conveyed the Property from herself individually to herself and her husband, Mark Matteo ("Mark"), jointly (the "Matteo Deed") (Jennifer and Mark are hereinafter collectively referred to as the "Matteos" or "Debtors"). On February 3, 2009, SEFCU loaned $417,000 to the Matteos. As collateral security for the $417,000 loan, the Matteos executed and delivered a mortgage in the original principal amount of $417,000 to SEFCU. That mortgage, dated February 3, 2009, was recorded in the Saratoga County Clerk's Office on February 18, 2009 under instrument number 2009004746 (hereinafter the "SEFCU Mortgage"). Debtors defaulted on the payments under the Note on or about December 1, 2009.

On June 9, 2010, SEFCU file an action in the Supreme Court of the State of New York for foreclosure of the SEFCU Mortgage (the "Foreclosure Action"). As part of the Foreclosure Action, SEFCU also sought to reform the SEFCU Mortgage and the Matteo Deed so that the legal descriptions in both instruments read: "Lot #36" rather than "Lot 1136".[2] On June 9, 2010, in connection with the Foreclosure Action, SEFCU recorded a Notice of Pendency with the Saratoga County Clerk as instrument number 2010017814, which identifies the mortgaged premises as 36 Timberwick Drive, Clifton Park, NY 12065, SBL# 278.19-3-5, on its front page

---

[2] Upon information and belief, the "#" character in the Kaiser Deed was misread by optical character recognition software to be "11". Upon information and belief, because of this "modern scrivener's error", the "Lot #36" reference in the Kaiser Deed was transformed to "Lot 1136" in the Matteo Deed Property description. Curiously, both in its pleading and motion papers, Plaintiff, while emphasizing his focus on the lot number, erroneously cites the description in the Kaiser Deed by omitting the "#" character so as to portray the description as reading: "Lot 36" rather than "Lot #36".

3

and contains the correct lot number in the legal description on page 4 (the "Notice of Pendency") (McGeough Declaration, **Exhibit "B"**).

While the Foreclosure Action was still pending, the Matteos individually filed petitions with this Court under Chapter 7 of Title 11 of the United States Code – Mark, first on or about August 1, 2011 under Case No. 11-12475-1-REL and then Jennifer on or about October 25, 2011 under Case No. 11-13323-1-REL. The filing of the Matteos' bankruptcy petitions stayed the Foreclosure Action.

On or about March 6, 2012, Mark Ehrlich, the Trustee in both Matteos' filings, commenced the instant Adversary Proceeding seeking to avoid the SEFCU Mortgage and the Matteo Deed on the asserted ground that the erroneous lot number contained within the legal description of both instruments was insufficient to provide implied or constructive notice to the trustee seeking to exercise its strong arm powers under 11 U.S.C. 544(a)(3).

In support of its complaint and the instant motion, the Trustee submitted a title search from its own title agency, Paragon Title, which by the Trustee's own admission discovered on record the Notice of Pendency and certified that on searching the record it found 14 Liens and the Notice of Pendency and reproduced the Lien Documents and an incomplete Notice of Pendency. See Exhibit F to the affidavit of Mark Ehrlich, Esq. submitted in support of the Plaintiff's motion (hereinafter the "Ehrlich Aff."). In both its Adversary Complaint and on this motion, the Trustee omits a significant page from the Notice of Pendency, page 4, which is the legal description of the Property that contains the correct lot number ("Lot #36") and which provides notice of SEFCU's claims.

4

**ARGUMENT**

As set forth more fully below, under New York law, the Trustee is charged with constructive notice of the Notice of Pendency seeking, among other relief, reformation of the scrivener's error in the SEFCU Mortgage and Matteo Deed Property descriptions from "Lot 1136" to "Lot #36". Despite including a (misleading) copy of the Notice of Pendency with the motion, the Trustee utterly ignores its existence and its fatal legal impact to the Plaintiff's case. The Trustee never even attempts to address how he gets around the constructive notice imparted to all bona fide purchasers of the Foreclosure Action by the Notice of Pendency.

Instead, the Trustee focuses its argument on the erroneous assertion that the SEFCU Mortgage and the Matteo Deed are not properly indexed against the Property and therefore could not impart constructive notice to the Trustee. This argument fails for several reasons. First, the Saratoga County Clerk does not maintain real property lot indexes so the SEFCU Mortgage, the Matteo Deed and the Notice of Pendency could not be indexed against the wrong property. Saratoga County utilizes an electronic indexing system to maintain the books and indexes described by the Real Property Law Section 316. In Saratoga County, the indexes are based on the names of the grantor and grantee or mortgagor and mortgagee.  An electronic search of the indexes for the entry "Matteo Mark" or "Jennifer Matteo" results in the finding of the Matteo Deed, the SEFCU Mortgage and the Notice of Pendency. (See the McGeough Declaration, ¶ 20).

Upon finding the Notice of Pendency, the Trustee's case is over. However, even assuming that there was no Notice of Pendency, the SEFCU Mortgage and the Matteo Deed individually would have imposed an independent duty of inquiry upon a bona fide purchaser because the SEFCU Mortgage actually contains the correct address for the Property and the

5

"Being" clause in the Matteo Deed refers to the Kaiser Deed which contains the correct lot number in the legal description.

# POINT I

**THE TRUSTEE IS NOT ENTITLED TO GOOD FAITH PURCHASER FOR VALUE STATUS BECAUSE THE CONSTRUCTIVE NOTICE PROVIDED BY THE PRE-PETITION NOTICE OF PENDENCY AND RECORD TITLE DOCUMENTS CREATED A DUTY OF FURTHER INQUIRY BY THE TRUSTEE.**

### A. The Rights of the Trustee Under § 544(a)(3) are Determined by State Law.

Under 11 U.S.C. § 544(a)(3), "the trustee shall have, as of the commencement of the case ... the rights and powers of ... a *bona fide* purchaser of real property . . . from the debtor, that obtains the status of a *bona fide* purchaser and has perfected such transfer at the time of the commencement of the case." "The rights of a *bona fide* purchaser are established by state law." *In re Rodriguez*, 261 B.R. 92, 94 (E.D.N.Y. 2001)(citing *McKenzie v. Irving Trust Co.*, 323 U.S. 365 (1945)). See also, *In re Mosello*, 193 B.R. 147, 151 (S.D.N.Y.1996) ("The definition and powers of a 'bona fide purchaser' are governed by the substantive state law pertaining to the subject property").

> "In New York, a bona fide purchaser must have purchased the property 'in good faith without notice and for valuable consideration.' "[*In re Mosello*, 193 B.R. 147, 151 (S.D.N.Y.1996)] (quoting *In re Hardway Restaurant, Inc.*, 31 B.R. 322 (Bankr.S.D.N.Y.1983)). "Under New York law, such notice consists of actual notice and constructive notice of what may be revealed by (1) an examination of the record, (2) reasonable inquiry of those in actual possession, or (3) reasonable inquiry on the basis of all circumstances." *In re Bygaph, Inc.*, 56 B.R. 596, 602 (Bankr.S.D.N.Y.1986) (citations omitted).
>
> *Reiber v. Option One Mtg. Corp.*, 344 B.R. 28, 32 (W.D.N.Y.2006).

Thus, where state law imputes constructive notice of certain facts on a *bona fide* purchaser, or finds that constructive notice gives rise to a duty to inquire, that notice or duty to

6

inquire is also imposed upon the trustee under § 544(a)(3). *See, e.g., In re Hagendorfer*, 803 F.2d 647, 649-50 (11th Cir. 1986)(finding that title search would have created a duty of inquiry regarding a defective mortgage); *McCannon v. Marston*, 679 F.2d 13, 16 (3d Cir. 1982); *Rodriguez*, 261 B.R. at 94; *Gerhling v. Cirasuolo*, 48 B.R. 447, 450-51 (Bankr. N.D.N.Y. 1985).

Accordingly, the law of the State of New York as it applies to bona fide purchasers of real property applies to these proceedings.

**B. The Pre-Petition Notice of Pendency Provided Constructive Notice to the Trustee That the SEFCU Mortgage and Matteo Deed Were the Subject of a State Court Reformation Action to Correct the Lot Number in Both Instruments.**

On June 9, 2010, in connection with the Foreclosure Action, SEFCU recorded the Notice of Pendency with the Saratoga County Clerk. NY CPLR 6501 provides:

> A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property, except in a summary proceeding brought to recover the possession of real property. The pendency of such an action is constructive notice, from the time of filing of the notice only, to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency indexed in a block index against a block in which property affected is situated or any defendant against whose name a notice of pendency is indexed. A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party.

Under New York law, by reason of the Notice of Pendency, all subsequent purchasers of a property interest from Mark and Jennifer Matteo are deemed to have received constructive notice of SEFCU's action to reform its mortgage and the Matteo Deed. *Perosio v. NBT Bank N.A.*, 277 Fed.Appx. 110, 2008 WL 2066015 (2d Cir. 2008); *In re Sheppard*, 471 BR 45, 51 (Bankr W.D.N.Y. 2012)("New York law provides that [lender's] lis pendens will bind all subsequent purchasers to the outcome of its pre-petition action. In like fashion, the lis pendens precludes the trustee from enjoying the rights that would otherwise accrue from his status as a bona fide

purchaser.") *In re Eadie Properties, Inc.,* 31 B.R. 812, 814 (Bankr. S.D. N.Y. 1983) (notice of pendency is constructive notice of such claim to all subsequent parties, including the trustee in bankruptcy appointed after the lis pendens had been recorded). The rule that a recorded notice of pendency recorded as of the petition filing date serving to defeat the trustee's §544(a)(3) avoidance powers is well settled.[3]

To its detriment, the Trustee utterly ignores the fact that the Notice of Pendency provided constructive notice of the very defects upon which he now bases the claimed right to void the SEFCU Mortgage and the Matteo Deed. Had the Trustee, standing in the shoes of a hypothetical bona fide purchaser as of the petition date of Mark Matteo (or Jennifer Matteo's later filed petition), searched the indexes of Saratoga County, he would have discovered the existence of the Notice of Pendency. Upon review of the Notice of Pendency, the Trustee would have seen Schedule A attached which contains the correct lot number for the Property and therefore the Trustee would be on notice that the Property was subject to the SEFCU Mortgage. Moreover, the Trustee would have been under a duty of further inquiry to review the Foreclosure Action referenced in the Notice of Pendency and upon such review, would have obtained a copy of the complaint in the Foreclosure action and learned that the SEFCU Mortgage and the Matteo Deed were both subject to reformation because of the scrivener's error in reading Lot #36 as Lot 1136.

---

[3] "The provision of Bankruptcy Code § 544(a)(3) that the trustee takes the powers of a bona fide purchaser of real property, 'without regard to any knowledge of the trustee or any creditor,' does not over-ride provisions of state law which impute notice of claims to real estate, such as a lis pendens, to all the world." *Saghi v. Walsh (In re Gurs)*, 27 B.R. 163, 164 (B.A.P. 9th Cir. 1983); *In re Professional Investment Properties of America*, 955 F.2d 623, 629 (9th Cir. 1991) (discussing the impact of a lis pendens on claims of subsequent purchasers in a § 544 context: "The filing of a lis pendens in connection with a lawsuit against the record title holder of real property gives constructive notice of an action to subsequent purchasers from the record title holder."); *In re Samaniego*, 224 B.R. 154, 161 (Bankr. E.D. Wash. 1998); *In re Periandri,* 266 B.R. 651, 655 (Bankr. 6th Cir. 2001) (summary judgment: "We conclude, therefore, that the Ohio lis pendens statute operates to provide constructive notice of the pendency of a suit concerning specifically described property and with it the knowledge."); *In re Leitner*, 236 B.R. 420, 425-26 (Bankr. Kan. 1999) ("These filings prevent the trustee from claiming on the date of bankruptcy the status of the hypothetical statutory entities that could otherwise establish priority under § 544(a).").

The Trustee's ignorance of the Notice of Pendency is fatal to the Adversary Complaint and to this motion. A bona fide purchaser could not take free and clear of the SEFCU Mortgage because of the notice of SEFCU's claims against the Property provided by the duly recorded Notice of Pendency.

**C. A Subsequent Purchaser Would Have a Duty to Inquire as to the Apparent Anomalies in the SEFCU Mortgage and the Chain of Title in the Matteo Deed, Precluding Good Faith Purchaser Status.**

In New York, bona fide purchaser status is governed by Real Property Law § 291, which provides that every conveyance not properly recorded "is void as against any person who subsequently purchases [the property] in good faith and for a valuable consideration." Under this provision, a subsequent purchaser is deemed to have constructive notice of instruments in the title record. See, e.g., *Rodriguez*, 261 B.R. at 94-95; *Gerhling*, 48 B.R. at 450; *Fairmont Funding, Lid. v. Stefansky*, 301 A.D.2d 562, 564 (2d Dep't 2003); *Astoria Fed. Sav. & Loan Ass'n v. June*, 190 A.D.2d 644, 645 (2d Dep't 1993). Further, the subsequent purchaser is placed under a duty to make reasonable inquiry based on the facts revealed in the title record before being afforded bona fide purchaser status. See, e.g., *Rodriguez*, 261 B.R. at 94-95; *Andy Assoc Inc. v. Bankers Trust Co.*, 49 N.Y.2d 13, 20-21 (1979); *Fairmont Funding*, 301 A.D.2d at 564; *Astoria*, 190 A.D.2d at 645, 646.

The scope of this duty of reasonable inquiry imposed by the courts reflects "a pragmatic judicial response to the exigencies of conducting a title search." *Andy Assoc.*, 49 N.Y.2d at 24. Thus, where property is indexed, as here, in a grantor-grantee system, a purchaser is charged with knowledge of "matters only in the record of the purchased land's chain of title back to the original grantor." *Witter v. Taggart*, 78 N.Y.2d 234, 238 (1991). As explained by the Third Department,

9

> The concept of 'chain of title' has been largely moulded [sic] by judicial decisions as to the scope of a reasonable burden of searching the records. This has been, in turn, influenced by the indexing practices of recording offices. In consequence, it commonly held that a purchaser is required to search the records only from the date on which a prior owner acquired title to the date on which he [or she] parted therewith.

*Fekishazy v. Thomson*, 204 A.D.2d 959, 961 (3d Dep't 1994) (quoting Powell, Real Property ¶ 916 (abridged)) (brackets in original).

Thus, inspection of the title record can give the subsequent purchaser sufficient notice of an intervening transaction even though there may be errors either in recording a document or on the description of a parcel in a recorded instruments. For example, in *Fries v. Clearview Gardens Sixth Corp.*, 285 A.D. 568, 570-71 (2d Dep't 1955), the deed designating the property to be conveyed by lot and map, omitted the word "amended" in designating the map upon which the lots being conveyed appeared. The lots intended to be conveyed by the deed did not appear on the unamended map, and the court noted that the deed had turned up on the subsequent purchaser's search of the title record. The subsequent purchasers ignored it "at their own peril," the court held. In another case, involving a similar issue with its own "Lot 36" problem, the Second Department held that the "concluding clause in the description contained in the deed of July 17, 1843, which referred to the intent to convey the property described in the deed of July 12, 1843, was effectual to avoid the effect of the inadvertent failure to refer by number to 'lot 36,' referred to by number in the earlier deed…." In other words, the correct lot number contained in the previous deed in the chain of title was sufficient to avoid the effect of failing to include the lot number in the grantee deed.

Applying the law above to the facts herein, a hypothetical purchaser of the Property as of Mark's Petition date would have been required to search the chain of title in the grantor/grantee

10

index where such purchaser would have found the Kaiser Deed containing the correct lot number for the Property. With respect to the SEFCU Mortgage, a bona fide purchaser would have been on constructive notice that the Property was subject to the SEFCU Mortgage because it contained the actual address for the Property.  Moreover, a searcher looking at the correct address of the Property in conjunction with the erroneous lot number in the legal description would have a duty of inquiry to determine whether the SEFCU Mortgage did in fact encumber the Property or some other Lot 1136.

The Trustee's argument that a bona fide purchaser would have performed a search of the Saratoga County indices under the Matteos and discovered the Notice of Pendency, the SEFCU Mortgage and the Matteo Deed, and determined that they did not apply to the Property is inconsistent with the obligations imposed upon a bona fide purchaser under New York law is frankly is inconsistent with reality.  In reality, the question need only be asked of oneself, if I were going to purchase the Property on Mark's Petition date, and the title searcher returned the Notice of Pendency and the SEFCU Mortgage and Matteo Deed with the above described anomalies, would I purchase the Property and not concern myself with facing a potential mortgage lien of $417,000.00? Certainly not.

**D. The Trustee is Not a Bona Fide Purchaser For Value Capable of Voiding the Matteo Deed Because of Mark Matteo's Occupation of the Property.**

Despite the fact that the Matteo Deed contains an erroneous lot description, the Trustee is still unable to void the Matteo Deed because Mark occupies the Property as his principal residence.

If a person has possession of real property, such possession constitutes sufficient notice as to any claims such person has to the real property and serves to disqualify a purchaser or encumbrancer from being "bona fide for value." *Phelan v. Brady*, 119 N.Y. 587, 591 (1890). In

11

*Phelan*, the Plaintiff issued a mortgage to defendant on certain real property. The defendant defaulted and the mortgagee brought a foreclosure action. An occupant of the building claimed ownership of the property by virtue of an unrecorded deed from the defendant which predated the mortgage in issue.

The court held that the mortgagee could not be deemed a bona fide encumbrancer as against the claim of the occupant because the mortgagee had notice of the occupant's potential claims simply by virtue of their occupation. "Actual possession of real estate is sufficient to a person proposing to take a mortgage on the property, and to all the world, of the existence of any right which the person in possession is able to establish." *Id*. at 592-93; *see also Vitale v. Pinto,* 118 A.D.2d 774 (2d Dep't 1986) ("The plaintiff was in open possession of the property; therefore, the mortgagee was on notice of all rights to the property plaintiff could establish. Thus, the mortgagee is presumed either to have made the inquiry as ascertained the extent of the prior right, or to have been guilty of a degree of negligence * * * fatal to its claim that it is a bona fide purchaser. Having failed to inquire of the tenant as to her interest in the property, the mortgagee is guilty of a degree of negligence fatal to its claim that it is a bona fide purchaser.")(*citing Williamson v Brown*, 15 N.Y. 354 (1857)); *Harris v. Thompson*, 24 Misc.3d 1248(A), 899 N.Y.S.2d 59 (Table) (Sup. Ct. Queens County 2009) ("A bona fide purchaser or encumbrancer for value is protected in its title unless it had previous notice of the fraudulent intent of its immediate grantor. Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world, of the existence of any right which the person in possession is able to establish. Under such circumstance, the purchaser or encumbrancer is presumed either to have made the inquiry, and ascertained the extent of such

12

prior right, or to have been guilty of a degree of negligence equally fatal to its claim to be considered as a bona fide purchaser or encumbrancer.") (quotations and citations omitted).

Because Mark was in open and continuous possession and occupancy of the Property as of his Petition filing date, the Trustee is deemed to be on notice of such possession and Mark's rights to the Property and therefore, the Trustee does not qualify as a bona fide purchaser capable of voiding the Matteo Deed.

## CONCLUSION

For the foregoing reasons, it is requested that the Court deny Plaintiff's motion for summary judgment in its entirety and dismiss the Adversary Complaint as there are no issues of fact warranting a trial.

Dated: New York, New York
       July 17, 2012

FIDELITY NATIONAL LAW GROUP

 /s/ Paul J. McGeough
By: Paul J. McGeough
    Attorneys for Defendant
    State Employees Federal Credit Union
    350 Fifth Avenue, Suite 3000
    New York, New York 10118
    646-708-8091