Paul J. McGeough, Esq.
FIDELITY NATIONAL LAW GROUP
350 Fifth Avenue, Suite 3000
New York, New York 10118
646-708-8091

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In Re:<br><br>JENNIFER A. MATTEO, a/k/a<br>JENNIFER A. SMALLWOOD,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 11-13323-1-REL |
| In Re:<br><br>MARK ROBERT MATTEO,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 11-12475-REL |
| MARC S. EHRLICH, as Chapter 7 Trustee,<br><br>                    Plaintiff,<br>v.<br><br>STATE EMPLOYEES FEDERAL CREDIT UNION, JENNIFER A. MATTEO a/k/a JENNIFER A. SMALLWOOD and MARK R. MATTEO, ARVON FUNDING, LLC, MORGAN LINEN SERVICE, INC., SYSCO ALBANY, INC. f/k/a SYSCO FOODSERVICES OF ALBANY LLC, a division of SYSCO CORPORATION, NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE, CCM ASSOCIATES OF CLIFTON PARK LLC, CHASE BANK USA, NA, COUNTY OF SARATOGA, DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE and ADVANTAGE ASSETS II, INC.,<br><br>                  Defendants. | Adv. Pro. No.: 12-90024<br><br><br>**Hearing Date: July 25, 2012 at 9:15 a.m. –**<br>**U.S. Bankruptcy Court, NDNY**<br>**445 Broadway**<br>**James T. Foley U.S. Courthouse**<br>**Albany, New York 12207** |

**RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE PURSUANT TO LOCAL RULE 7056.1**

Defendant State Employees Federal Credit Union ("SEFCU" or "Defendant") hereby sets forth a Response to the Statement of Material Facts[1] submitted by Plaintiff pursuant to Local Rule 7056.1 of the Local Rules of the United States District Bankruptcy Court for the Northern District of New York, as follows:

1 -6.   The facts set forth in these paragraphs are not "material" facts and are not supported by specific citations to the record.

7.   Admitted.

8.   Paragraph 8 references an exhibit to Plaintiff's Statement of Undisputed Facts, however there is no attachment and no other specific citation to the record.

9.   Paragraph 9 references an exhibit to Plaintiff's Statement of Undisputed Facts, however there is no attachment and no other specific citation to the record. In addition, SEFCU disputes Plaintiff's characterization of the "proper" legal description. A deed from David J. Kaiser, Jr. and Judy L. Kaiser to Jennifer Matteo, a copy of which is annexed to the affidavit of Mark Ehrlich as Exhibit "A" (the "Kaiser Deed") describes 36 Timberwick Drive, Halfmoon, NY (the "Property") as follows:

> All that certain tract, piece or parcel of land, with the buildings and improvement thereon, situate, lying and being in the Town of Halfmoon, County of Saratoga, State of New York, known and designated as Lot #36 Timberwick Drive on a map entitled "Timberwick Phase II - Section I as prepared for Colony Craft Homes, Inc.", made by Percy B. Cotton

---

[1] During the last pre-trial conference, it was agreed before the Court that the parties would submit a joint statement of facts not in dispute. Plaintiff was advised in an email that SEFCU had objections to the proposed statement of facts not in dispute circulated by Plaintiff after the conference. On June 27, 2012, the Court docketed a notice to the Plaintiff advising that the motion was missing a statement in accordance with LBR 7056-1(a). Instead of contacting SEFCU's counsel to attempt a resolution or extension of the Court's notice, Plaintiff filed its Statement of Facts representing to the Court that the proposed facts are not in dispute after having been notified that SEFCU intends to dispute those facts.

>Associates, dated July 17, 1989, and filed in the Saratoga County Clerk's Office on May 22, 1990, as Map T117 A-H.
>
>*Emphasis added.*

The description asserted by Plaintiff erroneously underlines "Lot 36" and also deletes the "#" sign contained in the Kaiser Deed which states that the lot is "Lot # 36". Plaintiff, intentionally or negligently, deletes the reference to the # sign throughout all of the descriptions of the Property contained in its papers in this litigation. The deletion is significant because it provides the best explanation as to how "Lot #36" became "Lot 1136" which is that text recognition software most likely misinterpreted the "#" sign for an "11".

10.    See para. 9 above.

11.    Paragraph 11 is not supported by specific citations to the record and is a mere conclusion.

12.    Paragraph 12 is not supported by specific citations to the record and is a mere conclusion.

13.    Paragraph 13 references exhibits to Plaintiff's Statement of Undisputed Facts, however there are no exhibits attached and no other specific citation to the record. It is admitted that SEFCU loaned the sum of $417,000.00 to the Matteos evidenced by a promissory note however it is disputed that the debt is "purportedly" secured by a mortgage. SEFCU's loan to the Matteos is secured by a mortgage against the Property. A copy of the Note and Mortgage are annexed to the affidavit of Mark Ehrlich as Exhibits B and C respectively.

14.    Paragraph 14 references exhibits to Plaintiff's Statement of Undisputed Facts, however there are no exhibits attached and no other specific citation to the record. SEFCU disputes Plaintiff's characterization of the February 3, 2009 deed between Jennifer Matteo, as grantor, and Jennifer Matteo and Mark Matteo, as grantees, (the "Matteo Deed") as "flawed". The recorded Matteo Deed, a copy of which is attached the affidavit of Mark Ehrlich as Exhibit D, effectively

references the Kaiser Deed in the "Being" clause and effectively transferred the Property from Jennifer Matteo to Jennifer and Mark Matteo.

15. The facts set forth in paragraph 15 are not "material" facts and are not supported by specific citations to the record.

16. Admitted subject to objections contained in paragraph 14 above.

17. Denied. The Matteo Deed, attached to the affidavit of Mark Ehrlich as Exhibit D, does not contain any underlining or emphasis.

18. Admitted that the Property description in the Matteo Deed contains the wrong lot number, which fact was being addressed by a reformation action in a State court proceeding on the Petition date (see Exhibit "A" to the Declaration of Paul J. McGeough, "Second Cause of Action").

19. Denied. This is a conclusion of law that is at issue between the parties.

20. Denied. The Saratoga County Clerk's office does not utilize a lot indexing system and therefore the SEFCU Mortgage could not be recorded "against Lot 1136". The SEFCU mortgage is properly recorded utilizing the mortgagor/mortgagee name index.

21. The facts set forth in paragraph 21 are not "material" facts and are not supported by specific citations to the record.

22. Paragraph 22 references exhibits to Plaintiff's Statement of Undisputed Facts, however there are no exhibits attached and no other specific citation to the record. Admitted that page 3 of the SEFCU Mortgage, attached to the Ehrlich Affidavit as Exh. C, lists the address of the Property as "36 Timberick Dr."

23. Paragraph 23 references exhibits to Plaintiff's Statement of Undisputed Facts, however there are no exhibits attached and no other specific citation to the record. The SEFCU Mortgage,

attached to the Ehrlich Affidavit as Exh. C, does not contain an Exhibit A and contains no description of the Property with underlining or emphasis around the lot number.

24. The SEFCU Mortgage, attached to the Ehrlich Affidavit as Exh. C, does not contain an Exhibit A. It is admitted that the Property description in the SEFCU Mortgage contains the wrong lot number, which fact was being addressed by a reformation action in a State court proceeding on the Petition date (see Exhibit "E" to the affidavit of Mark Ehrlich, "Second Cause of Action").

25. Denied. This is a conclusion of law that is at issue between the parties.

26. Denied. This is a conclusion of law that is at issue between the parties. Moreover, the SEFCU Mortgage, attached to the Ehrlich Affidavit as Exh. C, does not contain an Exhibit A.

27. Admitted.

28. Paragraph 28 references an exhibit to Plaintiff's Statement of Undisputed Facts, however there is no attachment and no other specific citation to the record. The facts alleged are admitted (see Exhibit "A" to the Declaration of Paul J. McGeough).

29 -38. The facts set forth in these paragraphs are not "material" facts and are not supported by specific citations to the record.

39. Denied. The erroneous lot number contained in the Matteo Deed and the SEFCU Mortgage was being corrected by way of a State court action for reformation of the Matteo Deed and SEFCU Mortgage that was pending as of the filing dates of the Matteos' separate bankruptcy petitions. (see Exhibit "A" to the Declaration of Paul J. McGeough).

40. Denied. Paragraph 40 does not contain a specific citation to the record and further states that SEFCU does not know what is meant by "a recent estimate".

41. Denied. This is a conclusion of law.

SEFCU contends that the following additional facts omitted by the Plaintiff are not in dispute:

42.    On June 9, 2010 a Notice of Pendency was recorded with the Saratoga County Clerk as instrument number 2010017814, which identifies the mortgaged premises as 36 Timberwick Drive, Clifton Park, NY 12065, a copy of which is annexed to the McGeough Declaration as Exhibit "B" (the "Notice of Pendency").

43.    The Notice of Pendency was of record as of the petition filing date of Mark Matteo.

44.    The Notice of Pendency was of record as of the petition filing date of Jennifer Matteo.

Dated: New York, New York
       July 17, 2012

                                  FIDELITY NATIONAL LAW GROUP

                                  /s/ Paul J. McGeough
                             By: Paul J. McGeough
                                 Attorneys for Defendant
                                 State Employees Federal Credit Union
                                 350 Fifth Avenue, Suite 3000
                                 New York, New York 10118
                                 646-708-8091