| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | |
| In re:<br><br>JENNIFER A. MATTEO,<br>a/k/a JENNIFER A. SMALLWOOD,<br>                        Debtor. | Chapter 7<br><br>Case No.  11-13323-1-REL |
| In re:<br><br>MARK ROBERT MATTEO,<br>                        Debtor. | Chapter 7<br><br>Case No.  11-12475-REL |
| MARC S. EHRLICH, as Chapter 7 Trustee,<br>                        Plaintiff,<br><br>       -against-<br><br>STATE EMPLOYEES FEDERAL CREDIT UNION,<br>JENNIFER A. MATTEO a/k/a JENNIFER A. SMALLWOOD<br>and MARK R. MATTEO, ARVON FUNDING, LLC,<br>MORGAN LINEN SERVICE, INC., SYSCO ALBANY, INC.<br>f/k/a SYSCO FOODSERVICES OF ALBANY LLC,<br>a division of SYSCO CORPORATION, NEW YORK<br>STATE DEPARTMENT OF TAXATION & FINANCE,<br>CCM ASSOCIATES OF CLIFTON PARK LLC, CHASE<br>BANK USA, NA, COUNTY OF SARATOGA,<br>DEPARTMENT OF THE TREASURY – INTERNAL<br>REVENUE SERVICE and ADVANTAGE ASSETS II, INC.<br>                        Defendants. | Adv. Pro. No. 12-90024 |

**REPLY AFFIRMATION IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND IN RESPONSE TO OPPOSITION FILED BY SEFCU**

      STACEY M. METRO, an attorney duly admitted to practice law before the Courts of the State of New York and in the Bankruptcy Court for the Northern District of New York, and affirms the following to be true under penalty of perjury:

1643174

1. I am associated with the law firm of Deily, Mooney & Glastetter, LLP, attorneys for the Plaintiff, Marc S. Ehrlich, as Chapter 7 Trustee ("Plaintiff"), in the above-captioned action. I make this Reply Affirmation in support of Plaintiff's Motion for Summary Judgment (Docket Nos. 19-21)[1] and in response to the Opposition filed by SEFCU (Docket Nos. 45-47).

2. It is undisputed that the SEFCU Mortgage and the Joint Deed incorrectly describe the Property as Lot 1136 instead of Lot #36. It is also undisputed that both the SEFCU Mortgage and the Joint Deed were prepared by SEFCU and/or its agents. Additionally, it is undisputed that neither the Joint Deed nor the SEFCU Mortgage has been corrected to date to include the proper legal description for said Property.

3. NY Real Property Law § 291 states in pertinent part "the conveyance of real property, within the state, on being duly acknowledged by the person executing the same… may be recorded in the office of the clerk of the county where such property is situated, and such county clerk shall, upon the request of any party, and tender of the lawful fees therefore, record the same in his said office. Every such conveyance not so recorded is <u>void</u> as against any person who subsequently purchased or acquired by exchange or contract to purchase or acquire by exchange, the same real property or any portion thereof." NY Real Prop. L § 291.

4. Where there is uncertainly in the description of the property in a mortgage, that mortgage should be rejected and declared void. *People ex rel. Myers v. Storms,* 52 Sickels 364 (1884). Accordingly, both the Joint Deed and SEFCU Mortgage are void since both clearly contain uncertain legal descriptions of the Property and thus, were not and could not have been recorded against the Property.

---

[1] All capitalized terms herein shall have the same meanings attributed to them as in Plaintiff's Motion for Summary Judgment.

5.      Since the SEFCU Mortgage and Joint Deed do not comply with NY law, they are not entitled to be recorded and any record thereof is a nullity and is entirely inoperative to provide notice to Plaintiff or a subsequent purchaser for value. NY Real Proper. L § 291.

6.      In its papers, SEFCU claims that the reference to the incorrect lot number in both the SEFCU Mortgage and the Joint Deed are mere scrivener's errors. However, such characterization is completely self-serving since the incorrect lot number describes a wholly different Property, which was a material mistake made entirely by SEFCU and/or its agents. Moreover, to hold that the Plaintiff somehow had notice of the SEFCU Mortgage would encourage SEFCU to continue to neglect the statutory requirements for execution and perfection of deeds and mortgages and to act in contravention of these requirements. If there are no consequences for failing to execute and perfect a conveyance properly, then SEFCU will continue to haphazardly execute and perfect deeds and mortgages.

7.      SEFCU further claims that the Notice of Pendency filed against the Property somehow provides sufficient notice to Plaintiff or a subsequent purchaser for value of the SEFCU Mortgage. That claim is misplaced as the Notice of Pendency, at the very most, gives notice of a potential reformation action only. At no point does the Notice of Pendency create any rights for SEFCU in or to the Property.

8.      Additionally, and as enumerated in the Affidavit in Response filed by Creditor CCM Associates of Clifton Park, LLC, SEFCU bears the burden of proving that SEFCU is entitled to reform the SEFCU Mortgage and Joint Deed. Under NY law, reformation of title documents is permitted, <u>but only if</u> it would not prejudice the rights of a bona fide purchaser. *In re Kalisch*, 413 B.R. 115, 135 (2008) citing *Burlington v. Hanrahan*, 140 Misc. 512 (N.Y. Sup. Ct. 1931). It follows then that SEFCU would not be permitted to reform either the SEFCU

Mortgage or the Joint Deed as such reformation would clearly prejudice the Plaintiff and the Judgment Creditors.

9. Lastly, SEFCU attempts to argue that Mark Matteo's possession of the property somehow provided Plaintiff notice of the Joint Deed and SEFCU Mortgage. Such premise is misplaced and not applicable to the facts contained within this case, since those cases cited by SEFCU involve notice to a mortgagee who is presumed to make inquiry and ascertain the extent of the person's rights to the property given their open possession thereof. But even *assuming arguendo* that such premise is applicable to the facts contained in this case, Plaintiff would only have notice of the Matteos' possession and ownership of the Property. Such possession in no way would provide notice to Plaintiff of the SEFCU Mortgage or SEFCU's purported interest in the Property especially since SEFCU has never been in possession of the Property, nor does SEFCU claim so.

WHEREFORE, Plaintiff requests that its motion be (i) granted in its entirety on its first and second causes of action to void the Joint Deed and SEFCU Mortgage, and (ii) granted in its entirety as to the third cause of action to void the judicial liens in favor of the Judgment Creditors named therein.

Dated: July 23, 2012
      Albany, New York

                                                s/ Stacey M. Metro
                                                STACEY M. METRO